**In re Robert Edward BREON, Debtor.**

**Bankruptcy No. 3–88–2910.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 21, 1988.

Frank Faulhaber, Roseville, Minn., for debtor.

Mary Jo Jensen, St. Paul, Minn., for Juanita Lolita Tatum.

J.J. Mickelson, Minneapolis, Minn., Chapter 13 Trustee.

### ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

The above-entitled matter came on for hearing on December 8, 1988, for confirmation of a Chapter 13 plan. Juanita Lolita Tatum filed an objection to the plan. Mary Jo Jensen appeared representing Ms. Tatum. Frank L. Faulhaber appeared representing the Debtor. J.J. Mickelson, the standing Chapter 13 trustee, also appeared. Based upon the files and records of the proceedings herein, and being fully advised in the premises, the Court makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

Ms. Tatum and the Debtor were divorced on May 11, 1987. As part of the property settlement in that proceeding, Ms. Tatum was awarded $7,500.00, plus interest which was secured by a lien on the Debtor's mo-

bile home. The $7,500.00 was due in full on or before May 30, 1987.

The Debtor made payments of $2,500.00 as of July 14, 1987, but ceased making any payments after that date. As a result, Ms. Tatum obtained an order in state court authorizing the foreclosure of her lien on September 30, 1987. Subsequently, Ms. Tatum was served with a notice that the Debtor had filed a Chapter 7 bankruptcy petition on September 28, 1987. The only debt the Debtor sought to have discharged was the debt owing Ms. Tatum. Ms. Tatum aborted the foreclosure at that time.

The Debtor was granted a discharge and subsequently Ms. Tatum again sought a court order authorizing foreclosure of her lien. On March 14, 1988, such an order was entered by a state court referee. The Debtor appealed it to the state district court, and the referee's decision was affirmed.

After unsuccessfully attempting to informally gain possession of the mobile home, Ms. Tatum again sought relief from the state court. On September 20, 1988, an order was issued ordering the sheriff to replevy the mobile home and to remove the Debtor. When the sheriff took steps to carry out this order, he was presented with evidence that the debtor had filed a Chapter 13 bankruptcy petition on September 19, 1988, one day prior to Ms. Tatum's replevin hearing. The replevin order has not been enforced, and the Debtor remains in possession of the mobile home. Ms. Tatum has objected to the Chapter 13 plan of reorganization as not being proposed in good faith under 11 U.S.C. § 1325(a)(3).

## II.

The Debtor through successive bankruptcy filings has extended the time for repayment to Tatum by approximately 16 months as of the date of the filing of this Chapter 13 case. Now, he seeks an additional 36 months in which to pay his ex-wife's claim. Additionally, the Debtor seeks to remain in possession of the mobile home during the period. The proposed plan would unreasonably modify the secured claim of Ms. Tatum.

Furthermore, circumstances of these successive filings, indicate that the Debtor's sole bankruptcy purpose has been to avoid paying his debt to Ms. Tatum. Her claim was scheduled as an unsecured claim (the only one) in the Chapter 7 case; and the Debtor filed the Chapter 13 petition one day prior to a hearing set in state court by Ms. Tatum to gain possession of the mobile home. The Debtor's motivation in filing bankruptcy was to seek relief from his ex-wife and not from his creditors in general.

Ordinarily, bankruptcy court is not an appropriate substitute for family court; nor is it yet another theater into which a party to a marriage dissolution can expand a domestic war. This case does not belong in bankruptcy.

IT IS ORDERED:

1. Confirmation of the Debtor's September 9, 1988, Chapter 13 plan of reorganization is hereby denied pursuant to 11 U.S.C. § 1325(a)(3);

2. Juanita Lolita Tatum is hereby granted relief from the automatic stay to foreclose her lien on the Debtor's 1973 Moduline Mobile Home; and

3. In order to best serve the interests of the creditors and the Debtor and to facilitate the efficient and economic administration of the estate, the Court will hold a hearing on January 27, 1989, at 9:30 a.m., to determine whether it should abstain from hearing all proceedings in this case pursuant to 11 U.S.C. § 305 and thereby dismiss the case. This Order will serve as notice of said hearing.